NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1885.

### PEASE v. EGAN.

*In the matter of the judicial settlement of the account of* CLARA M. EGAN, *as executrix of the will of* JOHN EGAN, *deceased.*

The denial of an application to open a decree is properly incorporated in an order, and not in a decree; and the maximum allowance of costs thereupon is $10 and the necessary disbursements, as prescribed in Code Civ. Pro., § 2556.

APPLICATION by Clara E. Pease to vacate decree entered in proceedings for judicial settlement of executrix's account.

JONAS H. GOODMAN, *for Clara E. Pease.*

FRANK F. VANDERVEER, *for executrix.*

THE SURROGATE.—The petitioner's application for an order setting aside the decree entered · upon the accounting of this decedent's executrix, and permitting the interposition of objections to her accounting, was submitted to a reference, and, upon the coming

in of the referee's report, was denied by the Surrogate. The executrix now asks for costs against the petitioner, and claims that such costs should be taxed as upon the rendition of a decree, pursuant to § 2561 of the Code of Civil Procedure. The petitioner insists, on the other hand, that the denial of the application will culminate in an *order* and not in a *decree*, and that the costs which, under such circumstances, the Surrogate should award are such as are indicated by § 2556.

The latter contention must be sustained. The decree sought to be vacated was a final determination, within the meaning of § 2550; but the refusal to disturb it must be incorporated in an order (§ 2556). Section 2481, subd. 6, prescribes the mode of exercise of the power that the petitioner here invoked. The procedure to be adopted is that which is, in like cases, pursued in courts of record of general jurisdiction, and in such courts a proceeding to open a judgment is ordinarily instituted by motion (2 Till. & Shear., 722). The Code declares that the decision of the court denying such an application is an order, and that the application for the order is a motion (Code Civ. Pro., §§ 757, 768). The costs that may be awarded on a motion cannot exceed $10 and the necessary disbursements (§ 3251, subd. 3; Stokes v. Dale, 1 *Dem.*, 264). Such, therefore, must be the allowance here.